**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>v.<br><br>JULIUS OLITA Solely in His Capacity as Heir of Michael Olita, Deceased, SUZANNE OLITA Solely in Her Capacity as Heir of Michael Olita, Deceased<br>Defendants | Civil Action No: 19-04657 |

**ORDER**

AND NOW, this 23rd day of October, 2019, upon consideration of Plaintiff's Motion to Approve for Entry of Judgment Upon Consent of the Parties, Affidavit and any opposition thereto, it is hereby

**ORDERED**

1. That the promissory note and mortgage between Plaintiff and Michael Olita are foreclosed as to the property located at 330 Summer Street Royersford, PA 19468 ("Property"). In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. 12 U.S.C § 1701k; United States v. *Forest Glen Senior Residence*, 287 F.Supp. 343(D.Or. 1967).

2. That the Property be sold according to the following:

    (a) The United States Marshal for the Eastern District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001 within 180 days of this Order. Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated. To reduce the costs and expenses of tax sale, Plaintiff may advertise a short description of the Property rather than a complete legal description.

        (b)     Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

        (c)     Plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the Property.

        (d)     Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court thirty (30) days after the date of sale.

    3.     Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

    4.     Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

    5.     A true copy of this Order and decree shall be delivered to the United States

Marshal by the Clerk.

6. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

BY THE COURT:

_____ J.

J. Olita
S. Olita

xc: USMS

**KML Law Group, P.C.**
Suite 5000 - BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
**Attorney for Plaintiff**

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>                  Plaintiff<br>vs.<br><br>JULIUS OLITA Solely in His Capacity as Heir of Michael Olita, Deceased<br>SUZANNE OLITA Solely in Her Capacity as Heir of Michael Olita, Deceased<br>330 Summer Street<br>Royersford, PA 19468<br><br>                  Defendant(s) | UNITED STATES DISTRICT COURT<br>FOR THE<br>EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>No. 19-4657 |

## CONSENT JUDGMENT

**AND NOW**, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Michael Olita ("Mortgagor") made, executed, and delivered a Mortgage dated February 19, 2004 and recorded in the Office of the Recorder of Deeds of Montgomery County on February 25, 2004 as Book 11010, page 2142 (the "Mortgage"), on the property commonly known as 330 Summer Street, Royersford, PA 19468 (the "Property"), which Mortgage is security for a Promissory Note in the original principal sum of $93,100.00.

2. Mortgage is currently held by the Plaintiff.

3. Defendants are named solely in their capacity as heirs of Michael Olita, who died on November 7, 2016 and left no will.

4. Defendants are not personally liable in any way for debt secured by the note and mortgage, which are the subject of this action of mortgage foreclosure.

5. An in rem judgment is entered in favor of the Plaintiff and against the Defendant in the sum of $145,116.83 plus interest from June 28, 2019 at the rate of $13.59 per diem and other costs and charges collectible under the Mortgage, and for the foreclosure and sale of the mortgaged Property.

6. Defendants retain the right to reinstate and/or payoff the mortgage in question at anytime prior to a Sheriff's Sale, if any, in accordance with the mortgage documents;

7. Defendants have no defense to this action and do not intend to interpose any answer herein and specifically waive the right to do so and any and all defenses, which might otherwise have been contained therein.

8. Defendants acknowledge and agree that they are the only heirs of Michael Olita, Deceased.

9. The Defendant confirms that he/she is not presently, nor has he/she been within the last 367 days, an individual on active duty with the United States military.

10. Any sums advanced by Plaintiff after the entry of this judgment in mortgage foreclosure shall become a part of the judgment lien.

11. Defendants acknowledge and agree that they had an opportunity to seek legal counsel and they are fully apprised of their legal rights and execute this Consent Agreement in reliance on that advice.

12. This Consent Judgment represents the whole agreement of the parties who, intending to be legally bound, have executed it by and through the undersigned duly authorized counsel or, as to Defendants, in their individual capacity.

13. A facsimile signature shall have the same effect as an original signature.

**\*The rest of this page is intentionally left blank\***

14. This Consent Judgment can be executed in counter-part and all such counter-parts shall constitute a single form of this Judgment.

Date: 10/18/19

_____
Rebecca A. Solarz, Esquire
Attorney for Plaintiff

Date: 10/1/2019

_____
JULIUS OLITA Solely in His Capacity as Heir of
Michael Olita, Deceased
Defendant

Date: 10/01/2019

_____
SUZANNE OLITA Solely in Her Capacity as Heir of
Michael Olita, Deceased
Defendant